NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN MCCANN, M.D., | : |
| Plaintiff, | : Civil Action No. 11-3241 (MLC) |
| v. | : |
| UNUM PROVIDENT, et. al. | : MEMORANDUM OPINION |
| Defendants. | : |

**BONGIOVANNI, Magistrate Judge**

This matter comes before the Court upon Plaintiff Kevin McCann's ("Plaintiff") motion to strike certain documents from the administrative record submitted by Defendant Unum Provident ("Defendant") [Docket Entry No. 61]. Defendant opposes Plaintiff's motion and cross-moves to supplement the administrative record with said documents [Docket Entry No. 65]. The Court has fully reviewed all of the papers submitted in support of and in opposition to both motions and has considered same without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Plaintiff's motion to strike is GRANTED and Defendant's cross-motion to supplement is DENIED.

**I. Background and Procedural History**

The Court and the parties are familiar with the facts underlying this matter and, as such, the Court shall not restate the facts at length herein. This is a disability insurance case in which the Defendants terminated the Plaintiff's disability benefits. Plaintiff originally brought this

1

action against both Unum Provident and Hartford Life and Accident Insurance Company ("Hartford"). (*See* Compl. at ¶2-3). Hartford was subsequently terminated from this matter after the District Court entered summary judgment in Hartford's favor. [Docket Entry No. 53]. Therefore, the only remaining Defendant in Plaintiff's case is Unum Provident. Plaintiff's complaint alleges that he is still disabled and unable to perform his duties as an interventional radiologist. (Compl. at ¶9). The complaint alleges that Plaintiff suffered from hypertension diagnosed in 2005, and sleep apnea, diagnosed in 2006 which aggravated his hypertension. Plaintiff was later diagnosed in April 2007 with an aneurysm in his ascending aorta (*Id.* at ¶17). Plaintiff consulted Dr. Joseph Coselli, a cardiothoracic surgeon, who advised him that to continue working as an interventional radiologist would be harmful to his health because of the "stressful nature of his occupation". (*Id.* at ¶18). Dr. Coselli further classified Plaintiff as fully disabled on March 10, 2008. (*Id.* at ¶19).

On March 10, 2008 Defendant began providing full disability benefits. (*Id.* at ¶31). On January 10, 2009, Defendant notified the Plaintiff that his disability status had been confirmed. (*Id.*) However, on December 23, 2009, Defendant terminated Plaintiff's benefits; a decision which the Plaintiff appealed. (*Id.* at ¶¶34-35). During the appeal, Defendant enlisted several doctors to review the file, including one Dr. Paul W. Sweeney, M.D. F.A.C.C. On September 7, 2010, Dr. Sweeney wrote to Dr. Coselli requesting clarification of his prior opinion regarding Plaintiff's disability. Plaintiff's appeal was denied by Defendant on September 20, 2010 at 4:21pm without Dr. Coselli's response, which was received approximately 45 minutes later that same day. Defendant reviewed Dr. Coselli's clarification letter and subsequently sent another letter to Plaintiff on September 29, 2010 supplementing its decision.

## II. Arguments

Plaintiff has moved to strike the documents Bate-stamped as PLA-CL-IDI-002486 to 002527 from the administrative record. There are, *inter alia*, two specific documents on which Plaintiff focuses. The first is Dr. Coselli's September 20, 2013 letter responding to Dr. Sweeney's September 7, 2010 letter, clarifying his opinion on Plaintiff's disability status. The second is Defendant's September 29, 2010 letter to Plaintiff's attorney supplementing its decision to deny Plaintiff's appeal.

Plaintiff claims Defendant's official decision was made as of 4:21pm on September 20, 2010 and that any documents considered or issued thereafter should be stricken from the administrative record. (*Plaintiff's Brief in Support* at 3; Docket Entry No. 61-1). Plaintiff relies on the Third Circuit case of *Mitchell v. Eastman Kodak Co.,* 113 F.3d 433 (3d Cir. 1997), which held that the administrative record "consists of that evidence that was before the administrator when he made the decision being reviewed." *Mitchell,* 113 F.3d at 440. Similarly, where the court is reviewing a claim determination *de novo,* Plaintiff asserts that, under *Viera v. Life Ins Co. of North America,* 871 F.Supp.2d 379 (E.D.Pa. 2012) the Court "should rely substantially on the administrative record, but only allow supplementation of evidence when there is a clear inadequacy in the record." *Viera,* 871 F. Supp. 2d at 388. Plaintiff submits that no clear inadequacy exists and as such, the documents should not be considered to supplement the administrative record.

Conversely, Defendant contends that "[i]t is the claims administrator, who determines when the administrative record is closed." (*Defendant's Brief in Opposition* at 21; Docket Entry No. 65-1). As such, Defendant submits that September 29, 2010 should close the administrative

record because Defendant "issued a letter dated September 29, 2010, supplementing its September 20, 2010, determination." (*Id.* at 21-22).  Defendant relies on case law out of the Fifth Circuit holding that the administrative record "consists of relevant information made available to the administrator prior to the complainant's filing of a lawsuit and in a manner that gives the administrator a fair opportunity to consider it." (*Id.* at 22, quoting *Vega v. Nat'l Life InsServs., Inc.,* 188 F.3d 287 at 300 (5th Cir. 1999)).  Defendant additionally relies on *Sample v. Shalala*, 999 F.2d 1138 (7th Cir. 1993) which permitted a letter to be part of the administrative record even though it was written subsequent to the Administrative Law Judge's decision because "it was based on information that was part of the administrative record and that was available prior to the ALJ's decision[.]" (*Id.* at 23, quoting *Sample,* 999 F.2d at 1144).  Lastly, Defendant cites to *Fahringer v. Paul Revere Ins. Co.,* 317 F.Supp.2d 504, 512 n.2 (D.N.J. 2003) which allowed depositions conducted subsequent to the final decision to be allowed into the "relevant record" because the depositions were limited to "contents and interpretation of the record." (*Id.* at 23).

As to whether the document in question should be considered "new evidence", Defendant further argues that Dr. Coselli's September 20, 2010 letter "is not new evidence but is based upon medical information that was reviewed and considered by the claims administrator contemporaneous with when it rendered its final determination and in fact, formed part of the final determination as relayed to [Plaintiff's] counsel in [Defendant's] correspondence dated September 29, 2010." (*Id.* at 23-24). Defendant maintains that Plaintiff was "put on notice that [Defendant] had sent correspondence to his treating physician, Dr. Coselli to obtain clarification [of his opinion]" and that such letter is merely a response to that request. (*Id.* at 24).  Therefore,

Defendant moves this Court to include these documents as part of the administrative record.

Alternatively, Defendant requests that the Court supplement the record with these documents when exercising Its *de novo* review. Defendant contends that it is well-settled that courts may "look beyond the evidence presented to the administrator at the time the administrator rendered its final determination" when evaluating a claim determination under a *de novo* standard of review. (*Id.* at 30, citing *Jones v. United States Life Ins. Co.*, 12 F. Supp. 2d 383, 388 (D.N.J. 1998) and *Luby v. Teamsters Health, Welfare, & Pension Trust Funds*, 944 F.2d 1176 (3d Cir. Pa. 1991)). Finally, Defendant states that under *Viera*, courts may look to supplement the record when it comports with the purposes of ERISA. (*Id.* at 27). *Viera* held that "[w]hen considering whether to permit evidence not before the plan administrator, the reviewing court should balance the…purposes of ERISA and exercise its discretion…when circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision." *Viera,* 871 F. Supp. 2d at 387 (internal citations and quotation marks omitted). Defendant argues that the inclusion of the letters would not prejudice Plaintiff and that the Court should consider the responsive nature of the letters, as well as the relatively short timeframe in which they were received. (*Id.* at 28). As such, Defendant submits that, should the Court consider the documents to be outside the timeframe of the administrative record, the Court instead supplement the record when reviewing Plaintiff's claim *de novo*.

In his reply, Plaintiff reiterates his position that the issue here is discrete, and that it is the "letter dated September 20, 2010 that triggered Plaintiff's right to judicial review, and that is the subject of this Court's review." (*Plaintiff's Brief in Reply* at 2; Docket Entry No. 67). Plaintiff claims that Defendant's September 20th determination was in no way "left subject to

5

reconsideration" and cites to the language of same. (*Id.*)  Plaintiff notes that the September 20th letter stated, in pertinent part, that "[Defendant] has completed the appeal review on your client [Plaintiff's] Individual Disability claim" and "after a full, fair and impartial appellate review, the determination to deny further benefits is upheld" and furthermore that "if your client disagrees with this decision, you have a right to bring a civil suit[.]" (*Id.*) (internal citations omitted). Plaintiff distinguishes Defendant's case law in *Vega* and *Sample* as persuasive rather than mandatory authority, as well as inapposite, arguing that neither case dealt with an administrator attempting to supplement the record, but instead involved circumstances where the claimant sought to admit evidence into the record. (*Id.* at 3).  Plaintiff further argues that *Vega* has been rejected by other jurisdictions and that *Sample* did not involve a claim brought pursuant to ERISA. (*Id.* at 4).  Lastly, Plaintiff distinguishes Defendant's reliance on *Fahringer* as merely a footnote in that opinion which included none of the relevant context in which the depositions were permitted into the relevant record. (*Id.* at 5).  As such, Plaintiff submits that the law in the Third Circuit is clear that the administrative record closes upon the final determination of the claim sought.

In response to Defendant's argument that the documents be considered by the Court in Its *de novo* review of the claim determination, Plaintiff argues that no "clear inadequacy" exists in this case as required under *Viera*. (*Id.* at 6).  Plaintiff cites to *Quesinberry v. Life Ins. Co. of North America,* 987 F.2d 1017 (4th Cir. 1993), relied upon by *Viera*, for the reasoning that "if the evidence is cumulative of what was presented to the plan administrator, or is simply better evidence than the claimant mustered for the claim review, then its admission is not necessary[.]" (*Id.* at 6-7, citing *Quesinberry,* 987 F.2d at 1027 (internal quotations omitted)). Therefore,

Plaintiff contends that the Court not consider these materials in Its *de novo* review.

### III. Analysis

In the Third Circuit, the administrative record on a claim brought pursuant to ERISA "consists of that evidence that was before the administrator when he made the decision being reviewed." *Mitchell v. Eastman Kodak Co.*, 113 F.3d 433, 440 (3d Cir. 1997). *See also Fahringer v. Paul Revere Ins. Co.*, 317 F. Supp. 2d 504, 512 (D.N.J. 2003) (finding that the administrative record includes all evidence submitted as of the final determination date); *Abnathya v. Hoffmann-La Roche, Inc.*, 2 F.3d 40 (3rd Cir. 1993), abrogated on other grounds by *Miller v. Am. Airlines, Inc.*, 632 F.3d 837 (3rd Cir. 2011) (disallowing medical records submitted after the final determination was made). However, the Court has the ability to supplement and consider evidence outside the administrative record when reviewing the claim *de novo. Luby v. Teamsters Health, Welfare and Pension Trust Funds,* 944 F.2d 1176, 1185 (3d Cir. 1991). "When considering whether to permit evidence not before the plan administrator, the reviewing court should balance the…purposes of ERISA and exercise its discretion…when circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision." *Viera,* 871 F. Supp. 2d at 387, quoting *Quesinberry,* 987 F.2d at 1025 (internal quotations omitted). Further, courts "should rely substantially on the administrative record, but only allow supplementation of evidence when there is a clear inadequacy in the record." *Viera,* at 388.

The Court finds that the law in this Circuit is clear on this issue: documents not available to an administrator at the time the final determination is made are not part of the administrative record. Although Dr. Coselli's letter was received only 45 minutes after the determination was

made, the fact remains that the determination was made without reference or reliance upon this later-received letter. Furthermore, even though Dr. Coselli's letter was responding to Defendant's request for him to clarify his opinion, Defendant still made its determination without yet receiving the letter. Indeed, had Dr. Coselli failed to ever respond to Defendant's request for clarification, presumably all parties would agree that September 20, 2010 at 4:20pm was the close of the administrative record. Moreover, Defendant's own letter belies its argument, having stated that the review was complete, that the appeal was denied, and that Plaintiff had the right to bring suit. (*Plaintiff's Brief in Reply, supra* at 2). Simply because Defendant voluntarily sent another letter on September 29th reiterating its decision in light of Dr. Coselli's clarification letter, such an action does not change the final determination date and hence, the close of the administrative record. "[A] reviewing court must focus on the evidence available to the plan administrators at the time of their decision and may not admit new evidence or consider *post hoc* rationales." *King v. Hartford Life and Accident Ins. Co.,* 414 F.3d 994, 999 (8th Cir. 2005).

Additionally, the Court finds that the holdings in *Vega* and *Sample* are indeed inapposite to the facts of this case. The Fifth Circuit case of *Vega* has been rejected by other jurisdictions and has indeed been questioned by the Fifth Circuit itself. *See Plaintiff's Brief in Reply* at 4, citing *Majeski v. Metropolitan Life Ins. Co.,* 590 F.3d 478 (7th Cir. 2009) and *Keele v. JP Morgan Chase Long Term Disability Plan,* 221 Fed. Appx. 316 (5th Cir. 2007). Likewise, *Sample* did not involve an insurance claim brought pursuant to ERISA.

Defendant also relies on *Fahringer* for the proposition that the administrative record may be supplemented with evidence obtained subsequent to the final determination. However, the extent of supplementation under *Fahringer* is limited to a footnote in which the court explains

8

that depositions conducted subsequent to the determination, but pursuant to the Magistrate Judge's Order in the existing litigation, were to be allowed in as part of the relevant record. *Fahringer,* at 512 n.2. The Court finds that a similar exception is neither applicable nor warranted in the instant case. As such, the documents date stamped PLA-CL-IDI-002486 to 00-2527 are stricken from the administrative record.

The Court notes that the parties agree that the District Court's review of this matter is to be conducted *de novo.* With respect to Defendant's argument that the documents be considered by the Court in the scope of Its *de novo* review, the Court finds that this issue is one to be determined by the District Court. While this Court has stricken the aforementioned documents from the administrative record, same are still part of the record of this litigation and, as such, may be considered by the District Court if It so chooses. Therefore, at the time of trial, if the parties deem it necessary, the issue may be raised as to what weight, if any, should be accorded to those excluded documents.

## IV. Conclusion

For the reasons set forth above, Plaintiff's motion to strike documents from the administrative record is GRANTED and Defendant's cross-motion to supplement the record with same is DENIED. An appropriate Order follows.

Dated: October 11, 2013

s/ Tonianne J. Bongiovanni
**Tonianne J. Bongiovanni**
**United States Magistrate Judge**