**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

KEVIN M. McCANN, M.D.,

    Plaintiff,

v.

UNUM PROVIDENT and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,

    Defendants.

Civil Action No. 11-3241 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Provident Life and Accident Insurance Company's[1] ("Defendant") Motion Appealing the Order of Magistrate Judge Bongiovanni Dated July 29, 2019, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Local Civil Rule 72.1(c). (ECF No. 142.) Plaintiff Kevin M. McCann, M.D. ("Plaintiff") opposed (ECF No. 144), and Defendant replied (ECF No. 145). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court denies Defendant's Appeal.

## I. BACKGROUND

Plaintiff initiated this action in 2011 pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.*, alleging that he was incorrectly denied disability benefit

---

[1] Plaintiff incorrectly named Life and Accident Insurance Company as "Unum Provident." (*See* Def.'s Moving Br. 1, ECF No. 142-1.)

payments under a policy issued by Defendant (the "Policy"). In March 2016, having considered "the [parties'] papers and lengthy administrative record," the Honorable Mary L. Cooper, U.S.D.J., found "the facts and evidence in the record did not support a finding that [Plaintiff] was eligible for Total Disability benefits [under the Policy]" and granted summary judgment for Defendant. *McCann v. Unum Provident, et al.*, No. 11-3241, 2016 WL 1161261, at *2 (D.N.J. Mar. 23, 2016). Plaintiff appealed. (ECF No. 114.)

### A. The Third Circuit's Opinion

The Third Circuit vacated Judge Cooper's decision. *McCann v. Unum Provident, et al.*, 907 F.3d 130 (3d Cir. 2018). Reviewing the record de novo, the Third Circuit found: (1) "[Plaintiff's] occupation [is that of] an interventional radiologist for purposes of assessing the merits of his claim," *id.* at 149; and (2) "[Plaintiff's] 'substantial and material duties' are established and include both his ability to perform interventional procedures and his ability to do so on nights and weekends," *id.* at 150.

The Third Circuit remanded to the Court for further proceedings on: (1) "whether [Plaintiff's] medical conditions prevented him from being able to perform the substantial and material duties of his specialty, either by rendering him physically unable or by so limiting his availability that he was precluded from continuing his practice as an interventional radiologist," *id.* at 150–51; and (2) Plaintiff's claim for Residual Disability under the Policy, *id.* at 151–52.

### B. Post-Remand Discovery

Following the Third Circuit's decision, the parties immediately disputed the need for additional discovery—and what the scope of that discovery should be. On December 18, 2018, the Honorable Tonianne J. Bongiovanni, U.S.M.J., held a telephone conference with the parties, during which she determined that any additional discovery would be "limited" to the issues

2

identified in the Third Circuit's Opinion. (ECF No. 126.) Thereafter, the parties served written discovery requests and exchanged responses and objections to the requests. (*See, e.g.*, Pl.'s May 9, 2019 Suppl. Objs. and Resp. to Def.'s Interrog. Nos. 1–24, Ex. B to DiGiaimo Cert., ECF No. 142-3); Pl.'s May 9, 2019 Suppl. Objs. and Resp. to Def.'s RFP Nos. 1–89, Ex. C to DiGiaimo Cert., ECF No. 142-4).

On May 16, 2019, Judge Bongiovanni held a telephone conference and ordered briefing on any outstanding issues between the parties. In a series of correspondence, the parties disputed the scope of discovery post-remand. (*E.g.*, Pl.'s May 24, 2019 Corr. at *1–7;[2] Def.'s June 11, 2019 Corr. at *8–29; Pl.'s June 12, 2019 Corr. at *30–31; Def.'s June 14, 2019 Corr. at *32–34; Pl.'s June 17, 2019 Corr. at *35; Def.'s June 18, 2019 Corr. at *36–37, Ex. D to DiGiaimo Cert., ECF No. 142-5.)

### C.  The Discovery Order

On July 29, 2019, Judge Bongiovanni entered the Discovery Order that Defendant now appeals. (Disc. Order, ECF No. 139.) Judge Bongiovanni found that no additional discovery was needed on Plaintiff's Total Disability claim. (*See id.* at 4–5.) Specifically, Judge Bongiovanni found that "[t]he existence of a disputed material fact [on whether Plaintiff could perform substantial and material duties of his specialty], does not, in and of itself, necessitate additional discovery. Instead it simply means that a decision on the question in dispute must be made by the factfinder." (*Id.* at 5.) Judge Bongiovanni found the existing record enough to determine whether Plaintiff could perform the substantial and material duties of an interventional radiologist and that "[n]o additional discovery [was] needed." (*Id.*)

---

[2] Page numbers preceded with an asterisk reference the page numbers at the top of the ECF filing.

3

Judge Bongiovanni also found discovery on Plaintiff's Residual Disability claim unnecessary because, "[a]s noted by the Third Circuit, Defendant considered residual disability in both its initial determination of Plaintiff's request for disability benefits and in response to Plaintiff's appeal." (*Id.* at 6 (citing *McCann*, 907 F.3d at 152).) Moreover, "[as] noted by the Third Circuit, Plaintiff's claim for Residual Disability is based on a medical condition Defendant has already considered and approved for Total Disability." (*Id.* (citing *McCann*, 907 F.3d at 152).) Having addressed each of the two issues on remand, Judge Bongiovanni denied further discovery.

## II. LEGAL STANDARD

A district court will only reverse a magistrate judge's decision on a non-dispositive issue if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). "This deferential standard is 'especially appropriate where the Magistrate Judge has managed [a] case from the outset and developed a thorough knowledge of the proceedings.'" *Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery*, 177 F.R.D. 205, 214 (D.N.J. 1997) (citation omitted). Furthermore, "particularly broad deference [is] given to a magistrate judge's discovery rulings." *Farmers & Merchants Nat'l Bank v. San Clemente Fin. Grp. Sec., Inc.*, 174 F.R.D. 572, 585 (D.N.J. 1997) (citation omitted).

The appealing party has the burden "to demonstrate that the magistrate judge's decision was clearly erroneous or contrary to law." *McDonough v. Horizon Blue Cross Blue Shield of N.J., Inc.*, No. 09-571, 2013 WL 322595, at *2 (D.N.J. Jan. 22, 2013). A finding is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A decision is considered contrary to the law if the magistrate judge

4

has "misinterpreted or misapplied applicable law." *Doe v. Hartford Life Acc. Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006).

## III. DISCUSSION

Defendant argues that "portions of the Discovery Order denying [Defendant] discovery are erroneous and contrary to the law" and that the "Court should set aside [those] portions of the Order[] and permit discovery on the issues identified by the Third Circuit." (Def.'s Moving Br. 17, ECF No. 142-1.)

The crux of Defendant's argument is that *implicit* in the Third Circuit's remand is the need for additional discovery. Defendant argues that the existing paper record was insufficient for the Third Circuit to decide the two issues on remand: (1) whether Plaintiff's medical conditions prevent him from performing substantial and material duties of his specialty and (2) Plaintiff's claim for Residual Disability. Therefore, according to Defendant, the Discovery Order is clearly erroneous.

On whether Plaintiff's medical conditions prevent him from performing substantial and material duties of his specialty, the Third Circuit found "a dispute of material fact." *McCann*, 907 F.3d at 150–51. Finding that "[t]he record demonstrates some level of consensus on the question," the Third Circuit found it prudent to "remand for the District Court to consider." *Id.* at 151. Nowhere, however, does the Opinion mention a need for additional discovery. Indeed, as Judge Bongiovanni stated in her Order, "[t]he existence of a disputed material fact, does not, in and of itself, necessitate additional discovery." (Disc. Order 5.) Similarly, a remand on a fact issue does not necessitate additional discovery. *See, e.g., Viera v. Life Ins. Co. of N. Am.*, 871 F. Supp. 2d 379, 384 (E.D. Pa. 2012) (finding administrative record adequate to proceed to trial on remand where requested "discovery does nothing to facilitate the Court's de novo review"). Because the

5

Third Circuit did not expressly provide guidance on the need for additional discovery, the Court finds that the Order denying discovery on this issue is neither clearly erroneous nor contrary to the law.

On Plaintiff's Residual Disability claim, the Third Circuit only held that the exhaustion doctrine did not preclude Plaintiff's claim and remanded the issue to the Court. *McCann*, 907 F.3d at 152. Again, the Third Circuit did not mention the need for additional discovery on the issue. *See id.* at 151–52. Judge Bongiovanni accordingly concluded that because Defendant had already considered Residual Disability on two other occasions and because Plaintiff's claim for Residual Disability would be based on a medical condition already considered by Defendant, additional discovery on this issue was not required. The Court similarly finds that, absent explicit direction from the Third Circuit on additional discovery, the Order is not clearly erroneous on this issue.[3]

Defendant further argues that two Orders, dated October 11, 2013 and September 12, 2014, constitute the law of the case—"that the litigation record is not limited to the [A]dministrative[] Record"—and that the Order is either clearly erroneous or contrary to the law. (*See* Def.'s Moving Br. 21–23.) The Court is not persuaded by this argument. First, Defendant has not provided

---

[3] Moreover, from the exhibits to Defendant's Moving Brief, it appears that Defendant is seeking to open discovery well beyond the existing record—having served Plaintiff with twenty-four interrogatories and eighty-nine requests for production following remand. These requests include discovery related to Plaintiff's eligibility for benefits beyond September 20, 2010. (*See* Def.'s Moving Br. 25–26.)

"When reviewing de novo a decision of the [P]lan administrator," the Court has the discretion "to expand the record as needed or proceed [based on] the previously developed record." *Viera*, 871 F. Supp. 2d at 384. "Thus, . . . the Court must determine whether, in its discretion, the record is sufficiently developed to make an independent determination." *Id.* At this juncture, the Court is unable to assess how each of Defendant's numerous discovery requests could be appropriately tailored to inform the Court on the narrow issues before it. Moreover, it is Plaintiff's burden to show he is entitled to benefits or that Defendant's benefit determination was incorrect—not Defendant's. Plaintiff has asserted that "the 2500-page administrative record is well-developed [and that] there is no need to supplement it further." (Pl.'s Opp'n Br. 13.)

6

authority for how the law of the case doctrine has been applied to discovery issues. *See Bacon v. Taylor*, 392 F. App'x 30, 34 n.3 (3d Cir. 2010) ("[Plaintiff] has not provided authority for applying [the law of the case] doctrine to discovery issues, nor have we found any such authority.") Second, Defendant does not argue that the law of the case mandates the requested discovery, only that it permits the submission of evidence beyond the record. Finally, the Court finds nonetheless that the law of the case (if it is indeed the law of the case) could not be so sweeping that it limits Judge Bongiovanni's discretion to manage discovery. For these reasons, the Court finds that the Discovery Order is neither clearly erroneous nor contrary to the law of the case.

Defendant also argues that the Order is clearly erroneous because discovery is needed to avoid surprise and unfairness to Defendant and to prepare for trial. (Def.'s Moving Br. 23–24; Def.'s Reply Br. 6–8.) Plaintiff asserts that "the 2500-page administrative record is well-developed [and that] there is no need to supplement it further." (Pl.'s Opp'n Br. 13.) It appears, then, that Plaintiff will rely upon the Administrative Record and that there should be no surprise as to what evidence Plaintiff will present at trial.

Defendant alternatively argues that "[w]here, as here, the Record lacks sufficient evidence, 'the proper remedy is to remand the case to the Plan administrator to conduct a more thorough inquiry.'" (Def.'s Moving Br. at 26–27.) Here, Judge Bongiovanni was not faced with—and did

not decide—a request for remand, so Court will not address Defendant's alternative argument raised first on appeal.[4]

## IV. CONCLUSION

The Court finds Defendant fails to meet its burden to show Judge Bongiovanni's Order was clearly erroneous or contrary to law. The Court, accordingly, denies Defendant's Appeal. (ECF No. 142.) An Order consistent with this Memorandum Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[4] Moreover, the facts of this case differ from those cited by Defendant where courts remanded to the plan administrator. Here, the Third Circuit did not order remand to the Plan administrator. *See Buffonge v. Prudential Ins. Co. of Am.*, 426 F.3d 20, 22 (1st Cir. 2005) (finding the process employed by the defendant in determining benefits was so "materially tainted" that "the taint was sufficiently prejudicial, so as to render the process arbitrary . . . [and require] remand to the claims administrator for a new review"); *Caldwell v. Life Ins. Co. of N. Am.*, 287 F.3d 1276, 1290 (10th Cir. 2002) ("[We remand] to the district court with instructions that it [remand] the matter to the [defendant's] claims administrator for further findings of fact pursuant to the plan's standard for 'any occupation' disability."). Here, the Court is reviewing the termination of Plaintiff's benefits under a de novo standard, not an arbitrary and capricious one. *McCann*, 907 F.3d at 147; *cf. Dunn v. Reed Grp., Inc.*, No. 08-1632, 2009 WL 2848662, at *8–9 (D.N.J. Sept. 2, 2009) (ordering remand to the Claims and Plan Administrators for findings on a plaintiff's residual physical capacity and the type of sedentary jobs the plaintiff is capable of working because, without these findings, the court could not conduct an arbitrary and capricious review of the decision).

8